The STATE of Texas, Appellant,

v.

Sergio MALDONADO, Appellee.

No. 01–03–00774–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 2004.

David P. Weeks, Dist. Atty., Huntsville, for Appellant.

Leslie G. Hardy, Huntsville, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

SHERRY RADACK, Chief Justice.

This is a State's appeal from the trial court's granting of a motion to suppress evidence. Appellee, Sergio Maldonado, was charged with possession of less than one gram of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.2004). Maldonado filed a motion to suppress, contending that the evidence seized in connection with his detention and arrest was seized without a valid warrant, probable cause, or other lawful authority, thereby violating his federal and state constitutional rights. The trial court granted Maldonado's motion and did not file findings of fact. In a single point of error, the State contends that the trial court abused its discretion by granting Maldonado's motion to suppress. We affirm.

## BACKGROUND

At the suppression hearing on the motion, the only witness to testify was the arresting officer, Walker County Sheriff's Deputy K. Allen. Allen testified to the following events. On April 6, 2002, he responded to a retaliation call at a private home. When he arrived at the scene, Allen saw two men, appellee and David Newman, standing near the open doors of a red Camaro. Allen saw both men place something inside the car and then walk away from the car. Allen asked the men to identify themselves. Once he determined that neither man lived at the address, Allen continued talking with the men in order to evaluate the situation further.

Maldonado told Allen that the two men had been riding around town all day and had stopped to see someone named "Jimmy." Maldonado also informed Allen that he was the driver of the Camaro. After gathering this information, Allen contacted dispatch and was advised that the alleged retaliation victim was named "Jimmy." Allen was also advised by dispatch that the Department of Public Safety (DPS) had an outstanding arrest warrant for Maldonado. Because he had been advised that there was an outstanding arrest warrant for Maldonado, Allen placed him in custody. In doing so, Allen placed Maldonado's hands on the back of the Camero to check for weapons. As Allen handcuffed Maldonado, he looked through the back window of the Camaro and saw two shotguns in the back. Allen questioned Maldonado about the shotguns and then escorted him into the back of the squad car.

After placing Maldonado in custody, Allen and another deputy searched Maldona-

do's car because their suspicions were aroused by (1) the existence of the shotguns on the scene of a retaliation call, and (2) Maldonado's and Newman's behavior of "digging in the front seat" while "the other one was standing behind him." "In fear," Allen searched the car specifically for weapons and ammunition. The search revealed marihuana inside a Crown Royal bag, a bent spoon in a sunglasses case, baggies containing residue believed to be methamphetamine, and syringes in the visor above the driver's side seat.

The State did not present the warrant for Maldonado's arrest at the suppression hearing. However, Allen testified that dispatch advised him the warrant was valid. Allen explained that, pursuant to Walker County policy, after a police officer stops an individual and gives the individual's name to dispatch, dispatch checks for any outstanding warrants. Upon discovering any outstanding warrant, dispatch calls and confirms the warrant with the issuing agency. Once dispatch determines the warrant is good, dispatch will advise the officer to arrest the individual in question. Allen testified that dispatch confirmed that there was an outstanding warrant on Maldonado.

No other witnesses testified at the suppression hearing. At the conclusion of the hearing, the trial court granted Maldonado's motion to suppress and the State did not request any findings of fact or conclusions of law.

## DISCUSSION

### Standard of Review

In reviewing the trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review, giving "almost total deference to a trial court's determination of historic facts" and reviewing de novo the court's application of the law of search and seizure. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim.App.2000) (citing *Guzman v. State,* 955 S.W.2d 85, 88–89 (Tex.Crim.App. 1997)). If the issue involves the credibility of a witness, such that the demeanor of the witness is important, then greater deference will be given to the trial court's ruling on that issue. *Guzman,* 955 S.W.2d at 87. In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim.App.2000). Accordingly, the trial court may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted. *Id.*

When, as here, the trial court does not make findings of fact, we assume that the trial court made implicit findings that support its ruling, provided those implied findings are supported by the record. *Sims v. State,* 84 S.W.3d 805, 807–08 (Tex. App.-Houston [1st Dist.] 2002, no pet.). We will sustain the trial court's ruling if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State,* 117 S.W.3d 854, 857 (Tex.Crim.App.2003) (citing *Willover v. State,* 70 S.W.3d 841, 845 (Tex.Crim.App.2002)).

### Analysis

In this case, the only evidence presented was the testimony of Allen, the arresting officer.[1] No arrest warrant was admitted into evidence. Therefore, the determination of probable cause and the exis-

---

1. During the hearing, defense counsel presented Allen's incident report narrative as Defense Exhibit 1.

422

tence of a valid warrant rested entirely on Allen's credibility. *See Ross,* 32 S.W.3d at *856.* In *Ross,* the Court of Criminal Appeals discussed a similar suppression motion, which was granted after a hearing wherein the only evidence presented was the testimony of the arresting officer. *Id.* at 854. In *Ross,* as in this case, the trial court did not file findings of fact. *Id.* The Court of Criminal Appeals reasoned as follows:

> We see two possible theories upon which the trial court's ruling may rest, either the testimony of the agent was credible, but the *facts established by that testimony do not constitute probable cause* (or reasonable suspicion for the initial detention); or the trial court did not find the testimony of the agent to be credible. Because we agree with the Court of Appeal's conclusion that Agent Darnell's testimony (if believed) added up to reasonable suspicion for the initial stop and *probable cause for the initial arrest,* we will not presume that the trial court impliedly found that the facts simply did not add up to reasonable suspicion or probable cause; to do so would be to presume error. The trial court, however, was free to disbelieve all of the agent's testimony. As the sole trier of fact and judge of credibility, the trial court was not compelled to believe the agent's testimony, even if uncontroverted, based on credibility and demeanor. Because the evidence, if believed, would compel a denial of the motion to suppress, the record supports the second theory that the trial court did not find the agent's testimony to be credible based on demeanor, appearance, and tone. Given the absence of any factual findings, the appellate presumption of the regularity of a trial court's judgment, and which party had the burden of proof, the trial court's implied factual findings were dispositive of the ultimate

constitutional question of probable cause. We hold that the trial court was in its discretion in disbelieving the testimony of the agent and granting the motion to suppress.

*Ross,* 32 S.W.3d at 856–57 (footnotes deleted).

Likewise, in this case, the trial court was free to disbelieve all of Allen's testimony, even though uncontroverted, based on credibility and demeanor. *See id.* "Without findings of fact, there is simply no set of 'concrete' facts upon which to conduct a de novo review." *State v. Guo,* 64 S.W.3d 662, 667 (Tex.App.-Houston [1st Dist.] 2001, no pet.). We hold, therefore, that the trial court was within its discretion in granting the motion to suppress. Accordingly, we overrule the State's sole point of error.

## CONCLUSION
We affirm the order of the trial court.