WIEDERHOLD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-341-CR

STEVEN RUSSELL WIEDERHOLD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Steven Russell Wiederhold appeals from his conviction by a jury for the offense of murder.  In five points, appellant argues that the trial court erred by failing to suppress his confession in which he admitted to conspiring to commit murder.  We affirm.

II.  Background Facts

On June 9, 2003, the Lake Dallas Police began investigating the disappearance of Denise Johnson.  Several days later, police  arrested appellant and three companions in Wichita, Kansas.  The day after appellant was arrested, Oklahoma police found Johnson’s body wrapped in plastic wrap and stuffed in a 55-gallon barrel with a moving box over it near a highway.  Texas Ranger Tracy Murphree interviewed appellant while he was in Kansas and made a videotaped recording of the interview.    

Appellant was later charged with murder and tampering with evidence.  Appellant pled guilty to tampering with evidence and not guilty to murder.  Appellant also filed a motion to suppress the videotape, arguing that his confession was involuntary.  On July 19, 2004, the trial court held a 
Jackson v. Denno
(footnote: 2) 
hearing and overruled appellant’s pre-trial motion and later admitted the videotape into evidence over appellant’s objection.  A jury found appellant guilty of murder and assessed his punishment at life imprisonment.  

III.  Motion to Suppress

In appellant’s first four points, he asserts that the trial court erred in failing to suppress the videotaped confession because (1) the police engaged in deception about the range of punishment, (2) the police made promises of  better cell conditions and that he wouldn’t be in custody for the rest of his “natural born life,” (3) the police took advantage of appellant because his children were in custody, and (4) the police engaged in coercive conduct that resulted in appellant’s confession not being free and voluntary.  

A.  Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
 Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
State v. Balllman, 
157 S.W.3d 65, 67 (Tex. App.—Fort Worth 2005, pet. ref’d)
; Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted)
; Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53.  

When the trial court does not file findings of fact, we are to view the evidence in the “light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.”
  Ross, 
32 S.W.3d at 856-58; 
Guzman, 
955 S.W.2d at 89; 
State v. Maldonado, 
No. 01-03-00774-CR, 2004 WL 2306703, at *2 (Tex. App.—Houston [
1st Dist.] Oct. 14, 2004, no pet.).
 When the sole witness at the motion to suppress hearing is the officer and the trial court filed findings of fact and conclusions of law, as in this case, the only question before us is whether the trial court properly applied the law to the facts it found.  
Ballman
, 157 S.W.3d at 69; 
see also Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89. 

In a 
Jackson v. Denno 
hearing, the trial judge determines the admissibility of a confession, based on whether or not the confession was voluntarily given and does not consider whether the statement given by appellant was truthful or untruthful.  
Jackson
, 378 U.S. at 376, 84 S. Ct. at 1780;
 Dewberry v. State
, 4 S.W.3d 735, 747 (Tex.
 
Crim. App. 1999)
, 
cert. denied
, 529 U.S. 1131 (2000); 
see also Lego v. Twomey
, 404 U.S. 477, 485, 92 S. Ct. 619, 624-25 (1972) (holding that whether confession is true or false is irrelevant to voluntariness determination because it is the methods used to extract confession that may violate constitutional principles).  The trial court is the sole fact-finder at a 
Jackson v. Denno 
hearing and may choose to believe or disbelieve any or all of the witnesses' testimony.
(footnote: 3)  If appellant’s confession was involuntarily obtained, the trial court errs by admitting it at trial.  
See
 
Sossamon v. State
, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991);
 see also Jackson
, 378 U.S. at 376, 84 S. Ct. at 1780.  

B.  Analysis

Alleged Deception about the Range of Punishment

In his first point, appellant argues that the police deceived him about the range of punishment for the crime of conspiracy to commit murder.  Specifically, appellant alleges that Ranger Murphree’s lie about the range of punishment gave appellant the false assumption that he did not have much to lose and had a lot to gain by admitting to the conspiracy charge.
(footnote: 4)  The record does not indicate that Ranger Murphree used deception to entice appellant to confess to the crime.  
See Jeffley v. State
, 38 S.W.3d 847, 860 (Tex. App.སྭHouston [14th
 Dist.] 2001, pet. ref’d).  Instead, the videotape shows that appellant initiated the conversation about the difference between murder and conspiracy to commit murder.  Ranger Murphree stated that if someone helped to commit murder then that is conspiracy, and the range of punishment is ten to twenty years, but it wouldn’t be life.  Ranger Murphree told appellant that conspiracy is a one degree lower charge than murder.  During the same conversation, Ranger Murphree retracted his statement and told appellant that he honestly did not know about the range of punishment.
(footnote: 5)  Thus, the evidence shows that there was no deception by Ranger Murphree about the range of punishment for conspiracy to commit murder.  Appellant’s first point is overruled.

Alleged Promises by Ranger Murphree

In his second and third points, appellant contends that the police made promises about better cell conditions and him not being in prison for the rest of his “natural born life,” and his will was overborne by the police who took advantage of his weak position caused by his children being in custody.  During the suppression hearing, appellant argued that Ranger Murphree used promises to induce him to make an involuntary statement of guilt in violation of the federal and state constitutional standards.  Under federal law, courts must focus on official coercion as it impacts the free will of the accused.  
See Smith v. State, 
779 S.W.2d 417, 427 (Tex. Crim. App. 1989).  
The issue is whether police interrogation techniques alleged to have been coercive, either physically or psychologically, were of such a nature that any confession thereby obtained was unlikely to have been the product of a rational intellect and a free will.  
Smith
, 779 S.W.2d at 427; 
see also Griffin v. State
, 765 S.W.2d 422, 428 (Tex. Crim. App. 1989).  

Article 38.21 of the Texas Code of Criminal Procedure states that “a statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion.”  
Tex. Code Crim. Proc. Ann.
 art. 38.21 (Vernon 2005); 
see also Penry v. State
, 903 S.W.2d 715, 744 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 977 (1995).  The court of criminal appeals has held that a four-prong test must be met in order to render a confession obtained by a promise of a benefit involuntary under this statute.  
Sossaman
, 816 S.W.2d at 345; 
see also Fisher v. State
, 379 S.W.2d 900, 902 (Tex. Crim. App. 1964).  The promise must be (1) of some benefit to the defendant, (2) positive, (3) made or sanctioned by a person in authority, and (4) of such character as would be likely to influence the defendant to speak untruthfully. 
Henderson v. State
, 962 S.W.2d 544, 564 (Tex. Crim. App. 1997),
 cert. denied
, 525 U.S. 978 (1998);
 see also
 
Sossaman
, 816 S.W.2d at 345;
 Fisher
, 379 S.W.2d at 902.  

Appellant contends that Ranger Murphree made three promises during the interview: (1) that he would get better cell conditions, (2) that his children would be taken care of, and (3) implicitly, that he would get less time in prison if he confessed.  Because the trial court filed findings of fact and conclusions of law, we must examine whether the trial court properly applied the law to these facts.  
See Ballman
, 157 S.W.3d at 69. In its findings of fact, the trial court found that the statements made by appellant were not the result of promises, threats, or coercion by Ranger Murphree.

As for appellant’s first contention, the trial court found that appellant was concerned about his accommodations, and Ranger Murphree indicated that appellant would get better cell conditions; however, the trial court also found that this representation was not of a nature that would cause appellant to make an untruthful statement.  Indeed, Ranger Murphree’s alleged promises were not of the type likely to make appellant believe that his condition would be bettered by making a confession, even a false confession.  
See, e.g., Janecka v. State
, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997).  Whatever motive appellant may have had to confess, on the facts of this case we fail to see how the promise of better cell conditions would have “inclined [appellant] to admit a crime he had not committed.” 
 Smith
, 779 S.W.2d at 428.  Appellant could not have reasonably believed that by confessing, he would have better accommodations than if he said nothing and was later acquitted.

As for his second contention, appellant was concerned about his children and wanted them taken back to Texas.  The trial court found that Ranger Murphree told him that his children would be taken care of and that appellant’s mother had been contacted.  In its findings of fact, the trial court stated that Ranger Murphree’s statement was not of a nature that would cause appellant to make an untruthful statement.  The videotape shows that  appellant initiated the conversation about his children.  Appellant stated that he wanted his children taken out of Kansas and placed with his mother.  Ranger Murphree stated that they were already working on returning the children to Texas, that appellant’s mother had been contacted, and that the children were doing great. Appellant contends that Ranger Murphree admitted that the reason that he promised appellant that his children would be taken care of was to get appellant to talk further.  However, appellant takes the words out of context.

During the interview, appellant began talking about Denise’s son and unborn child.  Appellant stated that Denise had said that she was going to have to give up her son because she could not handle him anymore and was going to abort the baby if appellant left her.  Ranger Murphree repeatedly told appellant to tell him the truth.  He told appellant that if he was scared and just trying to protect Denise’s son, then that is different than murder, and he believed that appellant was just trying to protect the boy.  A few minutes later, Ranger Murphree confronted appellant with the evidence that he was connected to the murder and told him if it was an accident or got out of control that is one thing, but if it was planned then it is another.  

[
DEFENSE COUNSEL
]:
  And you didn’t really believe the thing about him protecting his child, did you?

[RANGER MURPHREE
]:
  No, I did not.

[
DEFENSE COUNSEL
]:
  So that really wasn’t the truth, was it?

[RANGER MURPHREE
]:
  No, it was not.

[
DEFENSE COUNSEL
]:
  That was something you were saying to get him to talk further?

[RANGER MURPHREE]
:
  That’s correct.

It is apparent when examining the record that when Ranger Murphree admitted that he was trying to get appellant to talk further it was not in reference to his promise that appellant’s children would be taken care of, as appellant contends, but was Ranger Murphree’s attempt to look sympathetic towards appellant.  Thus, we agree with the trial court that Ranger Murphree’s statement that appellant’s children would be taken care of was not of a character that would have influenced appellant to speak untruthfully. 

As for his final contention, appellant argues that Ranger Murphree made an implied promise that appellant would get less time if he confessed.  Appellant points to Ranger Murphree’s language to support his point.  During the interview, Ranger Murphree moved his chair closer to appellant and pointed his finger in appellant’s face and told him, “if you want to put yourself in a position where you are not going to go to the penitentiary for the rest of your natural born life, it is time to come clean and tell me what happened.”  After reviewing the videotape, it is apparent that this was not a promise, and Ranger Murphree did not tell appellant that he would receive any leniency for confessing.

Further, Ranger Murphree was trying to determine whether the death was accidental or not.  In its findings of fact, the trial court found that Ranger Murphree’s statement was made during discussions between appellant and Ranger Murphree about whether the murder was an accident.  
In addition, the trial court found that Ranger Murphree’s statement was not a promise, nor was it of such a nature that it would cause appellant to make an untruthful statement.  When looking at the statement in context, we agree with the trial court that it did not constitute a promise.  
See Muniz v. State
, 851 S.W.2d 238, 254 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 837 (1993); 
Ramirez v. State,
 76 S.W.3d 121, 126 (Tex. App.སྭHouston [14th Dist.] 2002, pet. ref’d).  Having determined that Ranger Murphree did not make any promises to appellant during the interview, we overrule appellant’s points two and three.  

Coercive Conduct

In his fourth point, appellant contends that Ranger Murphree engaged in coercive conduct of such a nature that the statement was unlikely to have been the product of appellant’s free choice.  However, appellant fails to cite any authority for this contention.  Nonetheless, in its findings of fact the trial court found that appellant never indicated a reluctance to give a statement and that his statement was not the result of threats or coercion.  Additionally, at the suppression hearing, Ranger Murphree testified that appellant indicated that he wished to speak with him.  The record supports the trial court’s finding that appellant’s statement was not the result of coercion; therefore, we overrule appellant’s fourth point.
  
See Martinez v. State
, 127 S.W.3d 792, 794, n.1 (Tex. Crim. App. 2004) (finding no coercion in confession); 
Colgin v. State, 
132 S.W.3d 526, 530 (Tex. App.སྭHouston [1st Dist.] 2004, pet. ref’d) (holding no coercion)
.

IV.  Trial Court’s Application of the Law

In his fifth point, appellant contends that the trial court misapplied the law by considering the validity of his confession instead of its voluntariness. Appellant points to the holding in
 Martinez
 to support his contention.  127 S.W.3d at 794-95.  In 
Martinez
, the court of criminal appeals stated that the truth or falsity of a confession is irrelevant to a voluntariness determination;
 rather, the determination is whether the officially sanctioned positive promise would be likely to influence the appellant to speak untruthfully and not whether the appellant in fact spoke untruthfully.  
Id.
; 
see also Fisher
, 379 S.W.2d at 902.  Appellant points to the trial court’s wording at the suppression hearing to support his contention that the trial court determined whether his confession was valid rather than voluntary:

I’m going to find that even if they were promisesསྭ I’m not even sure that they’re promisesསྭ that I can’t say that even if they were promises that they probably caused [appellant] to testify or to make an untruthful statement. 

We do not agree with appellant’s reading of the trial court’s statement.  The fourth prong of the 
Henderson 
test requires the trial court to determine if the alleged promise is one that is of such character as would be likely to influence the appellant to speak untruthfully.  
Henderson
, 962 S.W.2d at 564.  It is apparent that the trial court was merely using the wording from this test when denying appellant’s motion to suppress.  There is no evidence in the record that indicates that the trial court examined the validity of appellant’s confession in making its determination. 

In the last sentence of his brief, appellant asserts alternatively that the fourth prong of the 
Henderson
 test unfairly shifts the burden to the defendant in violation of the Fifth and Fourteenth Amendments of the United States Constitution.  However, we find that appellant did not properly present this issue on appeal because he failed to provide any authority to support his contention.  
See
 
Tex. R. App. P.
 38.1(h); 
Armstead v. State
, 977 S.W.2d 791, 796 (Tex. App.སྭFort Worth 1998, pet. ref’d).  Having determined that the trial court did not misapply the law by considering the validity of the confession, we overrule appellant’s fifth point.

V.  Conclusion

Having overruled appellant’s five points, we affirm the judgment of the trial court.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: 378 U.S. 368, 376, 84 S. Ct. 1774, 1780 (1964).

3:
Dewberry
, 4 S.W.3d at 747-48;
 see also Green v. State
, 934 S.W.2d 92, 98-99 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Johnson v. State
, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds
, 
Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).

4:
Appellant was on trial for murder, not conspiracy to commit murder.

5:
Ranger Murphree was correct about the high end of the range of punishment.  A second-degree felony carries a sentence of not more than twenty years and not less than two years.  
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).  Conspiracy carries a punishment of one category lower than the most serious felony that is the object of the conspiracy; in this case, the most serious felony is murder which is a first-degree felony.  
Id.
 at 
§§ 15.02(d), 19.02(c) (Vernon 2003).