

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00360-CR

RICKY DALE JONES, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CR16656

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ricky Dale Jones appeals from his conviction for possession of a controlled substance.  In one issue, Jones argues that the trial court erred by overruling his motion to suppress evidence.  We affirm.[2]

---

[1]See Tex. R. App. P. 47.4.

On January 12, 2012, Deputy Tony Rogers with the Wise County Sheriff's Department knew Jones had outstanding arrest warrants and, as a result, had been watching Jones's house. Rogers saw Jones get into a car with Jennifer Garner and leave his house. Garner was driving, Jones was in the passenger seat, and three children were in the back seat. Rogers followed the car and, because he was alone in an unmarked police car, called Sergeant Ricky Schwartz and Sergeant Todd Lowe with the Bridgeport Police Department to assist him and "intercept the vehicle, stop the vehicle, in order to . . . serve the warrants."

Schwartz and Lowe stopped Garner's car to execute the arrest warrants. They stopped their car behind Garner's car, and Rogers pulled in front of Garner's car. Schwartz got Garner out of the car and asked for her identification. Lowe got Jones out of the passenger seat, immediately handcuffed him, and took him back to the police car. Rogers confirmed that the passenger was Jones. Schwartz then called in Jones's information, seemingly to get confirmation of the warrants.

---

[2]This appeal was originally submitted without oral argument on September 30, 2013, before a panel consisting of Justice Gardner, Justice Walker, and Justice McCoy. See Tex. R. App. P. 39.8; 2nd Tex. App. (Fort Worth) Loc. R. 3B(2). The court, on its own motion on June 10, 2014, ordered this appeal resubmitted without oral argument on July 1, 2014; assigned the appeal to a new panel, consisting of Justice Walker, Justice McCoy, and Justice Gabriel; and assigned the undersigned to author the opinion.

Lowe performed "a pat down search" for officer safety and felt "a lump in [Jones's] right pocket." Lowe asked Jones what was in his pocket, but Jones would not answer. Not knowing what the lump was, Lowe reached into Jones's pocket and found "a clear baggie containing what [Lowe] believe[d] to be methamphetamine," which was later determined to be 5.26 grams of methamphetamine. Shortly thereafter, Schwartz received written confirmation that Jones had three outstanding arrest warrants.

Jones was indicted for intentionally and knowingly possessing 4 grams or more but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). The indictment contained an enhancement paragraph alleging that Jones previously had been twice convicted of unlawful possession of a firearm. *See* Tex. Penal Code Ann. § 12.42 (West Supp. 2014). Before trial, Jones moved to suppress the methamphetamine because (1) the stop was made without reasonable suspicion, (2) the search was warrantless, (3) the search and seizure were made without probable cause, and (4) the search exceeded the scope of a permissible *Terry* frisk. Jones and the State agreed to have the trial court determine the motion during the trial: "So what I think we've agreed to do is that I, as the State, will say on the record, that that motion to suppress is preserved until such time as the evidence is presented to . . . the Court." *See generally Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) (recognizing pretrial motion to suppress is a specialized admissibility objection that may or may not be heard before trial).

At trial, Schwartz and Lowe testified to the facts surrounding the stop and search of Jones as stated above. Jones did not reassert his suppression arguments after the State proffered evidence regarding the stop and search and sought introduction of the methamphetamine. Indeed, Jones stated "no objection" to the introduction of the methamphetamine into evidence after Schwartz and Lowe testified. Accordingly, the trial court never ruled on Jones's motion to suppress. The jury found Jones guilty of possession of methamphetamine and assessed his punishment at thirty years' confinement. Jones now appeals and argues the trial court erred by admitting the methamphetamine into evidence because it was discovered after a warrantless search and in the absence of any valid exception to the warrant requirement.

To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); Tex. R. Evid. 103(a). We should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Here, the State and Jones agreed that Jones did not have to repeatedly object to any testimony that might relate to his motion to suppress but agreed

4

that it would be necessary to "have the Judge rule on [the motion] after the evidence comes in."  Jones never raised his motion to suppress at any point during the trial and affirmatively stated that he had "no objection" to the admission of the methamphetamine.  Jones never asked the trial court to rule on his motion to suppress or made any further mention of the motion.

We recognize that a statement of "no objection" to the admission of evidence does not, *ipso facto*, result in forfeiture of a complaint to that evidence; however, we conclude that the record does not plainly indicate Jones's intention not to abandon his earlier-preserved arguments raised in his motion to suppress. *See Thomas v. State*, 408 S.W.3d 877, 884 (Tex. Crim. App. 2013); *Burns v. State*, No. 02-13-00202-CR, 2014 WL 2538808, at *2 (Tex. App.—Fort Worth June 5, 2014, no pet.) (mem. op., not designated for publication).  This is further supported by the fact that trial counsel for Jones was asked by the court on two occasions if there was anything that needed to be addressed by the court before the charge was read to the jury, to which counsel indicated there was not.  We determine that Jones forfeited this complaint.

Jones additionally forfeited his claim because his appellate argument does not comport with the arguments he raised in his motion to suppress.  On appeal, Jones asserts that because the warrants and supporting affidavits were never produced, the warrants cannot serve as the basis of Jones's arrest.  However, Jones's motion to suppress never challenged the validity of the arrest warrants or the supporting affidavits.  The trial court was never on notice that the warrants

5

themselves were at issue. *Cf. Weems v. State*, 167 S.W.3d 350, 355 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding argument in motion to suppress that "officers had no lawful warrant for the Defendant's arrest" sufficient to preserve complaint that police did not have probable cause to support arrest warrant and failed to produce warrant), *cert. denied*, 547 U.S. 1135 (2006). This is the heart of the preservation requirement. *See* Tex. R. App. P. 33.1(a).

We conclude that Jones has forfeited his complaint on appeal and overrule his sole issue.[3] We affirm the judgment of the trial court. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 14, 2014

---

[3]Even if Jones had not forfeited his complaint, he would not be entitled to relief on appeal. The testimony at trial established that Schwartz and Lowe had reasonable suspicion to stop the car and probable cause to arrest him based on the information provided by Rogers. *See, e.g.*, *State v. Maldonado*, 176 S.W.3d 419, 421–22 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The subsequent search was an allowable pat down or a search incident to arrest. *See, e.g.*, *Griffin v. State*, 215 S.W.3d 403, 405–10 (Tex. Crim. App. 2006); *Carmouche v. State*, 10 S.W.3d 323, 330–31 (Tex. Crim. App. 2000).