STATE V. AREND

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-336-CR

THE STATE OF TEXAS APPELLANT

V.

JOHN JOSEPH AREND APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

The State appeals from the trial court’s grant of Appellee’s motion to suppress in a driving while intoxicated case.  We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2003, Appellee filed a motion to suppress the evidence arising from the traffic stop that led to his arrest for DWI on the basis that the traffic stop was made without a warrant, probable cause, or reasonable suspicion under the federal and state constitutions.  The trial court conducted a hearing on August 7, 2003.  The State called Texas State Trooper Richard Barton as its only witness.  Trooper Barton testified that on December 29, 2002, at approximately 2:40 a.m., he was parked in a marked unit on the shoulder of Highway 121 running stationary radar.  Trooper Barton described the roadway as having three marked lanes northbound and southbound, separated by a concrete barrier.  Trooper Barton stated that while parked, he observed Appellee’s vehicle traveling northbound in the center lane of traffic.  As Appellee’s vehicle approached, he “observed the vehicle move over the left stripe and back over the right stripe just as it was approaching another vehicle from behind.”  Trooper Barton described the vehicle as “making kind of a slow drifting movement” and stated that Appellee’s vehicle came within approximately one foot of the other vehicle.  

Trooper Barton testified that he decided to follow Appellee’s vehicle and at that point activated his dashboard video camera.  Trooper Barton stated that he followed Appellee’s vehicle for approximately forty-five to fifty seconds, during which time he observed it weaving as it went around a curve.  He stated that “[t]he left side tires when it went around the curve were on top of the stripe.  It moved back towards the right.  As I watched it again, the right side tires again got on . . . just about on top of the right stripe.”  The State had Trooper Barton diagram the events to illustrate what he had observed and also offered into evidence the video from his in-car camera.  Trooper Barton testified that he stopped the vehicle (1) “to investigate the possibility that the driver might possibly be intoxicated or impaired,” (2) because Appellee committed a traffic violation by “[f]ail[ing] to drive in a single lane,” and (3) because he was concerned that the driver could be having a medical problem or was possibly falling asleep, suggesting that weaving does not always indicate that a driver is intoxicated. 

On cross-examination, Trooper Barton stated that Appellee was not speeding nor did he observe any erratic speed changes.  Additionally, Trooper Barton agreed that what he observed was weaving in the lane.  Further, Trooper Barton stated that he listed the reason for stopping Appellee’s vehicle in his report as being for failure to drive in a single lane, but he did not include the incident with the other vehicle nor did he include his concern that the driver might be having a medical problem or falling asleep. 

At the conclusion of the hearing, the trial court granted Appellee’s motion to suppress “finding that it appears fairly certain from the record, both as to the drawing made by Trooper Barton and his testimony . . . that [Appellee’s] vehicle weaved within a single lane and touched on the line of traffic but did not cross over that line of traffic.” 

The State filed proposed findings of fact and conclusions of law, which were adopted by the trial court.  In its findings of fact, the trial court found that Trooper Barton is a credible and reliable witness, that Trooper Barton only observed “weaving within the lane,” and that Appellee’s “vehicle did not actually go completely into another lane.”  In its conclusions of law, the trial court held that “Trooper Barton’s belief that the Defendant could have been intoxicated due to the driving facts observed did not constitute a reasonable and articulable suspicion that the Defendant’s activity was related to a crime” and that “Trooper Barton’s belief that the Defendant committed . . . Failure to Maintain a Single Lane . . . was erroneous because weaving within the lane alone is not sufficient conduct to constitute a violation.” 

While the State concedes on appeal that Appellee did not drive into another lane of traffic, the State argues that the trial court erred in granting Appellee’s motion to suppress because (1) Trooper Barton had reasonable suspicion that Appellee was driving while intoxicated, (2) Trooper Barton had reasonable suspicion that Appellee committed the traffic violation of failing to maintain a single lane, (3) Trooper Barton had probable cause that Appellee committed the traffic violation of failing to maintain a single lane, (4) the trial court’s ruling conflicts with Texas Code of Criminal Procedure article 14.01, (5) the trial court’s ruling runs afoul of 
Terry v. Ohio
,
(footnote: 2) (6) the trial court’s ruling violates the Fourth Amendment to the United States Constitution, (7) the trial court’s ruling violates article I, section 9 of the Texas Constitution, and (8) the trial court’s ruling was erroneous because Trooper Barton’s actions were reasonable.  

STANDARD OF REVIEW

The Fourth Amendment protects against unreasonable searches and seizures.  
U.S. Const.
 amend. IV.  For an arrest to be justified under the Fourth Amendment, it must be accompanied by probable cause to believe that a person has engaged in or is engaging in criminal activity.  
Henry v. United States
, 361 U.S. 98, 102, 80 S. Ct. 168, 171 (1959).  A detention, however, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. at 22, 88 S. Ct. at 1880; 
Carmouche v. State
, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).  The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific, articulable facts that taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity.  
Ford v. State
, No. PD-1946-03, 2005 WL 544796, at *3 (Tex. Crim. App. March 9, 2005);
 Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Ford
, 2005 WL 544796, at *3;
 Carmouche
, 10 S.W.3d at 327; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Harrison v. State
, 144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted); 
Best
, 118 S.W.3d at 861-62.  However, when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Ford
, 2005 WL 544796, at *3;
 Johnson
, 68 S.W.3d at 652-53.

When the only evidence presented in a motion to suppress hearing is the testimony of the arresting officer (which, if believed, clearly adds up to a reasonable suspicion or probable cause) and the trial court grants the motion without filing findings of fact or any other explanation, there is not a “concrete” set of facts that can be implied from such a ruling.  
Ross
, 32 S.W.3d at 856.  The trial court may have disbelieved the officer on at least one material fact, or the trial court may be in a situation in which it does not know what exactly the facts are, but it does know (on the basis of demeanor, appearance, and credibility) that they are not as the witness describes.  
Id
.  In this situation, we do not necessarily have a set of historical facts to which we may apply the law.  
Id
.  The determination of probable cause rests entirely on the credibility of the lone witness.  
Id
.  This scenario is a mixed question of law and fact, the resolution of which turns on an evaluation of credibility and demeanor.  
Id
.  The proper standard of review is therefore
 “almost total deference” to the trial ruling.  
Id
.; 
see also
 
State v. Ballman
, 157 S.W.3d 65, 69 (Tex. App.—Fort Worth 2004, no pet.).

When the sole witness at the motion to suppress hearing is the arresting officer and the trial court files findings of fact and conclusions of law, the only question before us is whether the trial court properly applied the law to the facts it found.  
Ballman
, 157 S.W.3d at 69 (citing
 Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89; 
Harrison
, 144 S.W.3d at 85; 
James v. State
, 102 S.W.3d 162, 169-79 (Tex. App.—Fort Worth 2003, pet. ref'd)).  This is especially true in a case like this where the State has not contested the trial court's findings of fact, and the trial court found the arresting officer to be credible but concluded his testimony was insufficient as a matter of law.
(footnote: 3)  
Ballman
, 157 S.W.3d at 69 (citing
 Ross
, 32 S.W.3d at 856-58; 
Guzman
, 955 S.W.2d at 89; 
State v. Maldonado
, No. 01-03-00774-CR, 2004 WL 2306703, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, no pet.)).  Therefore, we will apply a de novo review to determine whether the trial court correctly applied the law to the facts it found.  
Ballman
, 157 S.W.3d at 69; 
see Swearingen v. State
, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004) (explaining application of various standards of review to warrantless searches and searches pursuant to a warrant) (citing 
Ornelas v. United States
, 517 U.S. 690, 697-98, 116 S. Ct. 1657, 1662 (1996)).  Because the trial court entered findings of fact and conclusions of law and because the trial court found Trooper Barton to be both credible and reliable, we must give that court almost total deference in reviewing those historical facts found but review de novo the application of the law to those facts.  
See Ross
, 32 S.W.3d at 856-58; 
Ballman
, 157 S.W.3d at 69.

DRIVING WHILE INTOXICATED

In its first point, the State contends that the totality of the circumstances gave rise to a reasonable suspicion that Appellee was driving while intoxicated and points to the following evidence to support its contention:  (1) Appellee’s vehicle weaved several times; (2) his vehicle came within approximately a foot of another vehicle; (3) Trooper Barton followed Appellee and confirmed that the weaving was a problem and not a one-time occurrence; (4) Trooper Barton had twenty-two years of experience; and (5) Trooper Barton testified that based on his experience and training weaving is a good indicator of possible intoxication. Furthermore, the record indicates that Trooper Barton testified that he “stopped the vehicle to investigate the possibility that the driver might possibly be intoxicated or impaired.”  Appellee argues that Trooper Barton’s only reason for stopping him was for failing to maintain a single lane and that because the trial court found that Appellee’s weaving did not constitute a traffic violation, Trooper Barton did not have reasonable suspicion for his initial detention of Appellee. 

There is no requirement that a traffic regulation has been or is about to be violated in order for an officer to have reasonable suspicion sufficient to justify a stop of a vehicle.  
James
, 102 S.W.3d at 172; 
see Cook v. State
, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).  An officer may be justified in stopping a driver based upon a reasonable suspicion of driving while intoxicated.  
James
, 102 S.W.3d at 172.  Erratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated even absent evidence of violation of a specific traffic law.  
See State v. Tarvin
, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref’d) (opining that mere weaving in one’s own lane can justify an investigatory stop when that weaving is erratic, unsafe, or tends to indicate intoxication); 
see also Cook
, 63 S.W.3d at 929 (holding that while appellant’s driving may not have constituted a traffic violation, it did provide reasonable suspicion that appellant was driving while intoxicated); 
McQuarters v. State
, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (finding that even if officer’s testimony failed to establish reasonable suspicion that appellant violated traffic law, it did raise sufficient facts to justify a stop based on reasonable suspicion that appellant was intoxicated); 
Gajewski v. State
, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (finding that although appellant’s driving may not have constituted a traffic violation, that did not negate a stop based on reasonable suspicion that appellant was intoxicated); 
Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995) (holding driver's conduct sufficient to justify stop based upon reasonable suspicion that something out of the ordinary was occurring even though no single act was illegal), 
pet. dism'd as improvidently granted
, 930 S.W.2d 607 (Tex. Crim. App. 1996).

In this case, Trooper Barton testified that, based on his experience, he believed Appellee was possibly driving while intoxicated based on his initial observation of Appellee’s vehicle weaving within his lane and the continued weaving as he followed Appellee for approximately forty-five to fifty seconds.  Therefore, based on the totality of the circumstances, we conclude that Trooper Barton had specific articulable facts, which taken together with rational inferences from those facts based on his experience, justified his reasonable suspicion that Appellee was driving while intoxicated.  
See Ortiz v. State
, 930 S.W.2d 849, 853, 856 (Tex. App.—Tyler 1996, no pet.) (holding that officers’ observation of appellant’s vehicle that weaved left, hit the grassy median, kicked up some dirt and grass, and then continued to weave within his lane two or three times gave them reasonable suspicion that appellant was driving while intoxicated);
 Davis v. State
, 923 S.W.2d 781, 788 (Tex. App.—Beaumont 1996) (holding that stop was proper where officer testified that he suspected driver was intoxicated or tired based on weaving within lane), 
rev’d on other grounds
, 947 S.W.2d 240 (Tex. Crim. App. 1997); 
Fox
, 900 S.W.2d at 347 (holding that officer’s observation of appellant’s vehicle’s speed fluctuating between 40 and 55 mph and weaving within his own lane provided sufficient specific facts to create a reasonable suspicion that some activity out of the ordinary was occurring or had occurred).  Therefore, we hold that the trial court erred in granting Appellee’s motion to suppress for lack of reasonable suspicion that Appellee was driving while intoxicated.  Consequently, we do not reach the State’s remaining points.  
See
 
Tex. R. App. P.
 47.1.

CONCLUSION

We reverse the trial court’s judgment and remand for proceedings consistent with this opinion.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b).

DELIVERED:  April 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
392 U.S. 1, 88 S. Ct. 1868 (1968).

3:
The State challenges the trial court’s “finding” that “Trooper Barton’s belief that [Appellee] could have been intoxicated due to the driving facts observed did not constitute a reasonable and articulable suspicion that [Appellee’s] activity was related to a crime.”  However, this is actually a challenge to the trial court’s conclusion of law and not a challenge to a finding of fact.