Carla Seamon Silas and John David Silas, Sr., were married in September 1985 and one *Page 369 
child, a son, was born of the marriage. The parties were divorced by a judgment of the Autauga County Circuit Court on November 2, 1989. The mother was awarded custody of the minor child, then 2 years old, and the father was awarded certain visitation rights. The father was ordered to pay $350 per month child support.
On September 9, 1994, the mother filed a petition to modify, requesting, among other things, that the father's child support obligation be increased. On September 21, 1994, the father answered and counterclaimed, seeking custody of the minor child and child support. On October 17, 1994, the father filed a motion requesting the appointment of a guardian ad litem to represent the minor child's interests and the appointment of an independent psychologist to evaluate the parties and the minor child. The trial court entered an order on October 19, 1994, appointing a licensed psychologist to evaluate the parties and the minor child and appointing a guardian ad litem to represent the minor child's interests. On October 20, 1994, the mother responded, objecting to the father's motion for the appointment of a guardian ad litem and a psychologist.
On December 9, 1994, the mother filed a motion seeking a protective order prohibiting the father or his attorneys from providing to anyone, including the guardian ad litem and the court-appointed psychologist, copies of audiotape recordings of telephone conversations between the minor child and the mother. On February 13, 1995, the trial court entered an order denying the mother's request for a protective order. On February 22, 1995, the mother petitioned this court for a writ of mandamus. This court denied the mother's petition, without an opinion, on March 21, 1995.
On June 23, 1995, the father filed a motion requesting pendente lite custody of the minor child. Following a hearing, at which the parties entered into a stipulated settlement of the pendente lite issues, the trial court entered an order on July 21, 1995, awarding the father pendente lite custody of the minor child and granting the mother certain visitation rights. On October 24, 1995, the mother filed a motion in limine requesting the trial court to exclude the audiotape recordings of telephone conversations between the father and her and between the minor child and her. The mother also requested that the guardian ad litem and the court-appointed psychologist be precluded from basing their opinions on the audiotape recordings and that the trial court exclude any opinions of the guardian ad litem as to custody and visitation.
The trial court denied the motion in limine in an ore tenus proceeding on October 27, 1995, and entered a judgment on December 14, 1995. The trial court found a change in circumstances that warranted a change in custody of the minor child. The trial court awarded the father custody of the minor child and granted the mother certain visitation. The trial court specifically found, based on the mother's current financial and legal condition, that it would be manifestly unjust and inequitable to order the mother to pay child support. Rule 32(A)(ii), Ala.R.Jud.Admin.
The mother appeals, raising two issues: (1) whether the trial court erred in holding that the audiotape recordings of telephone conversations between the minor child and the mother were admissible, and (2) whether the trial court erred in permitting the court-appointed psychologist and the guardian ad litem to rely on the taped conversations between the minor child and the mother as basis for their opinion testimony.
The mother argues that the audiotape recordings of telephone conversations between the minor child and her were made in violation of the Electronic Communications Privacy Act of 1986,18 U.S.C. § 2510 through 2521, because, she says, neither she nor the minor child consented to the recording of their conversations.
The Electronic Communications Privacy Act of 1986, part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., prohibits the interception of, recording of, and introduction into evidence of telephone communications unless one party to the communications gives consent or a court order is obtained authorizing the interception and recording *Page 370 
of the telephone conversations. 18 U.S.C. § 2511 and 2515. The Electronic Communications Privacy Act also contains an extension telephone exemption, which is set out in 18 U.S.C. § 2510, which provides in part:
 "(5) 'electronic, mechanical, or other device' means any device or apparatus which can be used to intercept a wire or oral communication other than —
 "(a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of business and being used by the subscriber or user in the ordinary course of its business. . . ."
Although most of the federal courts addressing the issue have not addressed whether a parent may consent on behalf of a minor child, they have held that § 2510(5)(a)(i) exempts a parent's use of an extension telephone to listen in on a minor child's telephone conversations. Scheib v. Grant, 22 F.3d 149 (7th Cir. 1994); Newcomb v. Ingle, 944 F.2d 1534 (10th Cir. 1991);Janecka v. Franklin, 843 F.2d 110 (2d Cir. 1988); Anonymous v.Anonymous, 558 F.2d 677 (2d Cir. 1977); Thompson v. Dulaney,838 F. Supp. 1535 (D.Utah 1993); see also Hearings on Anti-Crime Program Before Subcomm. No. 5 of the House Judiciary Comm., 90th Cong., 1st Sess. 901 (1967). Those courts have also held that the exemption of § 2510(5)(a)(i) applies to a custodial parent's use of an extension telephone to record a child's telephone conversation with the non-custodial parent, because the courts found that a parent's recording of a telephone conversation from an extension telephone is a distinction without a difference from the parent's listening to a telephone conversation on an extension telephone. Scheib, Newcomb,Janecka, and Anonymous, supra.
Our supreme court has held that federal decisional law construing a federal statute, in the absence of a contrary holding of the United States Supreme Court, is binding on the appellate courts of Alabama. Ex parte Gurganus, 603 So.2d 903
(Ala. 1992); Dickey v. West Boylston Mfg. Co., 251 Ala. 19,36 So.2d 106 (1948). The minor child was in the father's custody for visitation when the telephone conversations between the minor child and the mother were recorded; therefore, we conclude that the father's tapings of the telephone conversations were exempt from the provisions of the Electronic Communications Privacy Act, under federal case law. Scheib,Newcomb, Janecka, and Anonymous, supra.
The mother also argues that the tape recordings were made in violation of § 13A-11-31, Ala. Code 1975, which prohibits the use of any device to eavesdrop on a private conversation, and that the tape recordings are inadmissible. Section13A-11-30(1), Ala. Code 1975, defines the term "eavesdrop" as "[t]o overhear, record, amplify or transmit any part of the private communication of others without the consent of at least one of the persons engaged in the communication, except as otherwise provided by law." As under the Electronic Communications Privacy Act, consent is a defense to a charge of violating § 13A-11-31. Commentary to § 13A-11-31. Consequently, we must determine whether the minor child had the capacity to consent to the tape recording of his telephone conversations with the mother or whether the father could consent, on behalf of the minor child, to the recording of the telephone conversations between the minor child and the mother.
Although this issue is one of first impression for the Alabama appellate courts, the issue was addressed by the United States District Court in Thompson, supra, under the "consent" exception to the Electronic Communications Privacy Act.18 U.S.C. § 2511. In that case, Dulaney, the mother, during the pendency of divorce proceedings, recorded telephone conversations between the minor children, ages three years and five years, and Thompson, the father, because, she said, she believed the father was trying to undermine the children's relationship with her. Transcripts of the conversations were introduced during custody proceedings. Thereafter, Thompson sued Dulaney in federal court alleging that she had violated the Electronic Communications Privacy Act. Dulaney asserted the defense of consent, alleging that she had vicariously consented on *Page 371 
behalf of the minor children to the tape recording of the conversations. The district court held:
 "The children in this case were ages three and five. They clearly lacked legal capacity to consent, and they could not, in any meaningful sense, have given actual consent, either express or implied, since they were incapable of understanding the nature of consent and of making a truly voluntary decision to consent. Thus, this case presents a unique legal question of first impression on the authority of a guardian to vicariously consent to the taping of phone conversations on behalf of minor children who are both incapable of consenting and who cannot consent in fact.
". . . .
 "Utah law clearly vests the legal custodian of a minor child with certain rights to act on behalf of that minor child. While Utah Code Annot. § 78-3a-2(13) (1958) enumerates certain rights that the guardian has vis-a-vis the minor child, the statute does not, by its own terms, purport to be all-inclusive. In addition, § 78-3a-2(14)(b) states that a guardian is responsible for, inter alia, protecting the minor child. . . .
 ". . . In this case, or perhaps a more extreme example of a parent who was making abusive or obscene phone calls threatening or intimidating minor children, vicarious consent is necessary to enable the guardian to protect the children from further harassment in the future. Thus, as long as the guardian has a good faith basis that is objectively reasonable for believing that it is necessary to consent on behalf of her minor children to the taping of the phone conversations, vicarious consent will be permissible in order for the guardian to fulfill her statutory mandate to act in the best interests of the children.[8]
Thompson, 838 F. Supp. at 1543-44.
Our supreme court had held that parents have a common law duty to protect their minor children and that "[i]t is ordinarily for the parent in the first instance to decide . . . what is actually necessary for the protection and preservation of the life and health of his child, so long as he acts as a reasonable and ordinarily prudent parent would act in the like situation." R.J.D. v. Vaughan Clinic, P.C.,572 So.2d 1225, 1227 (Ala. 1990) (quoting 59 Am.Jur.2d Parent and Child § 48, at 193-94 (1987)). Given the factual similarity of this case to Thompson, supra, we find the reasoning of the district court to be persuasive that there may be limited instances where a parent may give vicarious consent on behalf of a minor child to the taping of telephone conversations where that parent has a good faith basis that is objectively reasonable for believing that the minor child is being abused, threatened, or intimidated by the other parent.
The record discloses the following pertinent facts. The telephone conversations were recorded from June 23, 1994, through November 25, 1995. The father testified that on many occasions when he arrived home after picking up the minor child for visitation, his telephone would be ringing; that he would answer it; and that it would be the mother asking to speak to the minor child. He testified that after observing several instances when the minor child became extremely upset and began to cry during the telephone conversations, he decided to find out what was happening during the telephone conversations. The father purchased a tape recorder and began taping the telephone conversations between the minor child and the mother. The father testified that after listening to the tapes and discovering how the mother was treating the minor child, he went to his attorney to discuss what action he should take.
The tapes were subsequently produced to and listened to by the guardian ad litem and the court-appointed psychologist, Dr. Karl Kirkland. Dr. Kirkland testified that the tapes showed verbal abuse of the minor child *Page 372 
by the mother and that the verbal abuse was damaging to the minor child.
Based on the foregoing, we conclude that the father had a good faith basis that was objectively reasonable for believing that the minor child was being abused, threatened, or intimidated by the mother; therefore, it was permissible for the father to vicariously consent on behalf of the minor child to the taping of the telephone conversations. Consequently, we find that the tape recordings were not made in violation of §§ 13A-11-30(1) and 13A-11-31.
With regard to the mother's second contention, that the trial court erred in permitting the court-appointed psychologist and the guardian ad litem to rely on the conversations between the minor child and the mother as a basis for their opinion testimony, the mother fails to cite any authority in support of her argument. Rule 28(a)(5), Ala.R.App.P. Having found that the tape recordings were permissible, we also find that it was not error for the court-appointed psychologist and the guardian ad litem to rely on those conversations as a basis for their opinion testimony.
The judgment of the trial court is due to be affirmed.
The father's request for an attorney fee on appeal is denied.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
[8] "The Court wishes to emphasize a point that should already be apparent. The holding in this case is very narrow and limited to the particular facts of this case. It is by no means intended to establish a sweeping precedent regarding vicarious consent under any and all circumstances. The holding of this case is clearly driven by the fact that this case involves two minor children whose relationship with their mother/guardian was allegedly being undermined by their father. Under these limited circumstances, the Court concludes that vicarious consent is permissible."