56 P.3d 63

**STATE of Arizona, Appellee,**

v.

**Bruce Alan MORRISON, Appellant.**

**No. 1 CA–CR 01–0789.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 22, 2002.

As Amended Nov. 19, 2002.

Janet Napolitano, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section, Diane M. Ramsey, Assistant Attorney General and Ginger Jarvis, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Blumberg & Associates by Bruce E. Blumberg, Phoenix, Attorneys for Appellant.

## OPINION

HALL, Judge.

¶ 1 Bruce Alan Morrison ("defendant") appeals his convictions and sentences for two

counts of sexual abuse, one count of molestation of a child, four counts of sexual conduct with a minor, and one count of attempted sexual conduct with a minor. The issue presented in this opinion [1] is whether the audiotape of a telephone conversation between defendant and victim G,[2] made by G's mother without defendant's or G's consent, was admissible under Arizona Revised Statutes ("A.R.S.") section 13–3005 (1988) and 18 U.S.C. § 2511 (1996).

## BACKGROUND

¶ 2 The material facts are undisputed. When G was fourteen years old, her mother read passages in her diary containing sexual language and descriptions with references to defendant who was thirty-five years old. Concerned for G's well-being, G's mother asked her boyfriend to install a tape recorder in her home that automatically recorded all telephone calls to determine what, if anything, was going on between defendant and G. Without defendant's or G's knowledge, the tape recorder recorded their sexually explicit conversation.

¶ 3 Defendant filed a motion to suppress the audiotape of the conversation because it was recorded without his or G's consent. Relying on *Pollock v. Pollock*, 975 F.Supp. 974 (W.D.Ky.1997),[3] the trial court determined that G's mother vicariously consented to the recording on G's behalf and denied defendant's motion.

## ANALYSIS

■ ¶ 4 Defendant argues that the trial court erred by denying his motion to suppress the audiotape of the sexually explicit telephone conversation between himself and G because it was made without his or her consent in violation of A.R.S. § 13–3005 and 18 U.S.C. § 2511 and was, therefore, inad-

missible. Because this issue presents a question of statutory interpretation, our review is de novo. *Gray v. Irwin*, 195 Ariz. 273, 275, ¶ 7, 987 P.2d 759, 761 (App.1999).

¶ 5 Both A.R.S. § 13–3005 and 18 U.S.C. § 2511 criminalize the unlawful interception of wire, electronic, and oral communications, but neither provides for the exclusion of evidence obtained unlawfully. The federal constitution likewise does not require exclusion of the audiotape in this case because there was no state action. *See Colorado v. Connelly*, 479 U.S. 157, 166, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) ("The most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause.").

¶ 6 However, 18 U.S.C. § 2511 is part of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 through 2522 ("Title III"), which contains a statute that mandates exclusion of the contents of any intercepted wire communication in any trial before any court, including state courts,[4] "if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515 (2000). Federal cases addressing whether parents may record telephone conversations of their minor children without violating Title III discuss two general theories that permit parents to surreptitiously record the phone conversations of their minor children—the "home extension exception" and "vicarious consent." *See Pollock v. Pollock*, 154 F.3d 601 (6th Cir.1998).

¶ 7 The Seventh, Tenth, and Second Circuits have held that parental interception of their minor child's phone conversations does not violate Title III if the recording is done from an extension within the home. *Id.* at 607 (citing *Scheib v. Grant*, 22 F.3d 149 (7th

1. Defendant raises seven issues on appeal. We address the remaining six issues in a separate Memorandum Decision. *See* Ariz.R.Crim.P. 31.26.

2. G is one of two minor victims. To protect her privacy, we use only the first letter of her first name.

3. The trial court cited the district court opinion. The matter was subsequently affirmed in part

and reversed in part in *Pollock v. Pollock*, 154 F.3d 601 (6th Cir.1998).

4. We do not discuss whether Congress has the authority to promulgate evidentiary rules binding on the states because the issue was not raised by either party. *See Clouse ex rel. Clouse v. State*, 199 Ariz. 196, 203 n. 14, 16 P.3d 757, 764 (2001) ("court[s] traditionally do[ ] not address issues not presented by the parties").

Cir.1994); *Newcomb v. Ingle*, 944 F.2d 1534 (10th Cir.1991); *Janecka v. Franklin*, 843 F.2d 110 (2d Cir.1988)). The Sixth Circuit has expressly rejected the home extension exception theory;[5] however, in *Pollock*, the Sixth Circuit affirmed the district court's adoption of the vicarious consent doctrine:

> [A]s long as the guardian has a good faith, objectively reasonable basis for believing that it is necessary and in the best interest of the child to consent on behalf of his or her minor child to the taping of telephone conversations, the guardian may vicariously consent on behalf of the child to the recording. Such vicarious consent will be exempt from liability under Title III, pursuant to the consent exception contained in 18 U.S.C. § 2511(2)(d).[6]

*Id.* at 610 (internal citation omitted). Therefore, although the Circuit Courts addressing the issue have used different approaches, they are uniform in holding that under certain circumstances a parent may surreptitiously record the telephone conversations of their children without violating Title III.[7]

■ ¶ 8 We find the reasoning behind vicarious consent as explained in *Pollock* persuasive. If the parent has a good faith, objectively reasonable basis for believing that the recording of a child's telephone conversations is necessary and in the best interest of the minor, the guardian may vicariously consent on behalf of the child to the recording without violating Title III. "We cannot attribute to Congress the intent to subject parents to criminal and civil penalties for recording their minor child's phone conversations out of concern for the child's well-being." *Id.* (quoting *Scheib*, 22 F.3d at 154).

## CONCLUSION

¶ 9 Defendant concedes that G's mother had a good faith, objectively reasonable basis for believing it was necessary and in the best interest of her minor daughter to vicariously consent to the taping of the telephone conversation. Because the recording of the conversation was lawful pursuant to the consent exception contained in 18 U.S.C. § 2511(2)(d), 18 U.S.C. § 2515 does not prohibit its use as evidence.

¶ 10 Therefore, for the reasons stated in this Opinion and the Memorandum Decision, we affirm defendant's convictions and sentences.

CONCURRING: JON W. THOMPSON, Presiding Judge, and EDWARD C. VOSS, Judge.

---

5. The home extension exception is based on 18 U.S.C. § 2510(5)(a)(i) (1996), which exempts from Title III "any telephone or telegraph instrument, equipment or facility, or any component thereof ... being used by the subscriber or user in the ordinary course of its business ...."

6. "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception ...." *See also* A.R.S. § 13–3012(9) (1997) (exempting from A.R.S. § 13–3005 any interception "effected with the consent of a party to the communication or a person who is present during the communication").

7. The Ninth Circuit has not addressed this issue.