ALAMEDA V. STATE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-522-CR

EFRAIN ALAMEDA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Efrain Alameda appeals his convictions for aggravated sexual assault of a child under fourteen.  In two issues, appellant argues that an audiotape of his sexual conversations with a minor child and a transcription of the audiotape should have been excluded.  In his third issue, appellant contends that the cumulation of his sentences is not authorized by the United States Constitution.  We affirm.

II.  Background Facts

In 2002, Deborah H. let appellant move in with her and her twelve-year old daughter, J.H., while appellant was going through a divorce.  Deborah had known appellant for eight to nine years before he moved in.  Appellant lived with Deborah and J.H. for approximately a year and moved out because he was upset that his ex-wife kept calling Deborah and asking her to watch their kids instead of calling him. 

During his stay with Deborah, appellant stayed in the third bedroom, which was right next to J.H.’s bedroom and across the hall from Deborah’s bedroom.  Deborah was home almost every night.  While appellant was living with her, Deborah did not see or hear anything that would indicate that appellant and J.H. were engaging in a sexual relationship.

When appellant moved out, Deborah told him and J.H. that if they wanted to talk to each other they would have to go through her.  However, after appellant left, Deborah was suspicious that the two were communicating without her knowledge, so she bought a recording device to pick up all incoming and outgoing phone calls to and from her home.  Deborah testified that she bought the device because she was concerned for the safety of her daughter.  However, she also testified that she did not know that appellant and J.H. were engaging in sexual intercourse when she bought the device, but felt like they were engaging in inappropriate behavior.

Deborah attached the recording device to the phone in the garage.  All six phone jacks in the house had the same phone number, and Deborah paid all of the phone bills.  For two weeks, she recorded all incoming and outgoing phone calls from her house.  During those weeks Deborah obtained fifteen to twenty hours of audiotape between appellant and J.H.  Neither appellant nor J.H. was aware that they were being recorded.  The audiotapes contained sexually explicit language, and during the conversations, appellant and J.H. discuss having a baby together and moving into an apartment.  After listening to the audiotapes of appellant and J.H., Deborah gave them to the Arlington Police Department. 

After appellant was charged with aggravated sexual assault of a child, he filed a motion to suppress the audiotapes on the basis that they are not admissible under article 38.23 of the code of criminal procedure because section 16.02 of the penal code makes it an offense to intentionally intercept wire communications when no consent has been given.  
Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon 2005); 
Tex. Penal Code Ann.
 § 16.02 (Vernon Supp. 2005).  The State argued that Deborah vicariously consented to the recording of the conversations on J.H.’s behalf.  The State pointed out that there is no Texas case law on the vicarious consent doctrine; however, several federal courts have held that the doctrine applies under the federal wiretap laws. Appellant countered that the vicarious consent doctrine has not been adopted in Texas, and two state courts have failed to extend the exception because it does not exist in Texas statutes.
(footnote: 1)  Appellant also asserted that in 
Pollock v. Pollock
, the Sixth Circuit held that a parent must have a good faith basis for believing that recording is in the best interest of his or her child before he or she uses the doctrine of vicarious consent to record the child’s telephone conversations. 
154 F.3d 601, 607 (6th
 Cir. 1998).  
According to appellant, the only harm that Deborah was trying to protect J.H. from was driving a car when she was not supposed to and violating house rules.  In denying appellant’s motion to suppress, the trial court stated, “[T]he Court specifically finds that a parent can vicariously consent to tape recording of their own child’s testimony.”

At trial, the State introduced an edited audiotape for the jury to hear. Deborah was not sure if the events on the audiotape were in chronological order.  The State also gave the jury a transcription of the edited audiotape so the jury could follow along.  Appellant objected to the transcription under the best evidence rule stating that it was a duplicate of the audiotape and that there was no need for it.  The trial court overruled appellant’s objection. 

On October 26, 2004, the jury found appellant guilty of two counts of aggravated sexual assault of a child and assessed his punishment at two thirty-year terms in the Institutional Division of the Texas Department of Criminal Justice. 

III.  Discussion

A.  Motion to Suppress

In his first issue, appellant contends that the trial court erred by not suppressing the audiotape.  He argues that Deborah violated Texas wiretap laws because neither J.H. nor appellant knew that their conversations were being recorded and, under article 38.23 of the Texas Code of Criminal Procedure, any evidence that is illegally obtained is not admissible in court.  
Tex. Code Crim. Proc. Ann.
 art. 38.23.  Additionally, appellant asserts that the vicarious consent doctrine does not apply in Texas, and even if it does, it is not applicable here.  The State argues that the trial court did not err in concluding that the vicarious consent doctrine applied.

1.  Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002);
 
State v. Balllman, 
157 S.W.3d 65, 67 (Tex. App.—Fort Worth 2005, pet. ref’d); 
Harrison v. State
, 144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted); 
Best
, 118 S.W.3d at 861-62.  However,
 when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53.  

When the trial court does not file findings of fact, we are to view the evidence in the “light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.”
  Ross, 
32 S.W.3d at 856-58; 
Guzman, 
955 S.W.2d at 89; 
State v. Maldonado, 
No. 01-03-774-CR, 2004 WL 2306703, at * 2 (Tex. App.—Houston [
1st Dist.] Oct. 14, 2004, no pet.).
 

2.  Applicable Law

Article 38.23 of the code of criminal procedure states that

no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  

Tex. Code Crim. Proc. Ann.
 art. 38.23(a).  
The penal code addresses the unlawful interception of communications.  
Tex. Penal Code Ann.
 § 16.02.  Section 16.02(b) states in pertinent part:

A person commits an offense if the person: 

(1) intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication; 

(2) intentionally discloses or endeavors to disclose to another person the contents of a wire, oral, or electronic communication if the person knows or has reason to know the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; [or]

(3) intentionally uses or endeavors to use the contents of a wire, oral, or electronic communication if the person knows or is reckless about whether the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.

Id. 
ྷ 16.02(b)(1)-(3).  The statute lists eleven affirmative defenses to prosecution under section 16.02(b).  
Id. 
ྷ 16.02(c).  The pertinent part of section 16.02(c) states:

It is an affirmative defense to prosecution under Subsection (b) that: 

. . . . 

(4) a person not acting under color of law intercepts a wire, oral, or electronic communication, if: 

(A) the person is a party to the communication; or 

(B) one of the parties to the communication has given prior consent to the interception, unless the communication is intercepted for the purpose of committing an unlawful act.

Id
. ྷ 16.02(c)(4).  The statute does not state whether consent can be given vicariously by a parent. 

3.  Analysis

We recognize that this is a case of first impression in Texas.  Although no Texas court has addressed this issue in regard to the penal code wiretap laws, several federal and state courts have.
(footnote: 2) 

The federal wiretap laws are similar to Texas’s wiretap law, and provide that it is unlawful for a person not acting under color of law to intercept a wire, oral, or electronic communication when one of the parties to the communication has not consented to the recording.  18 U.S.C. ྷ 2511(2)(d) (West 2000).  Although the federal statute does not have an explicit exception that allows parents to vicariously consent for their children, several federal courts have held that one exists.
(footnote: 3) 
 

In 
Pollock
, a mother recorded conversations between her daughter and ex-husband and between her daughter and her ex-husband’s new wife because she was concerned that her ex-husband was emotionally abusing her daughter.  
Pollock,
 154 F.3d
 
at 603.  Although none of the recorded parties consented to the recording, the mother argued that she had vicariously consented on behalf of her daughter.  
Id. 
 
The mother stated that she placed the tape recorder on the extension telephone in her bedroom and that she recorded the telephone conversations for only a few weeks.  
Id. 
at 604.  The mother stated that she believed it was in the best interest of her daughter to record the conversations.  
Id. 
 The Sixth Circuit recognized that it was the first federal circuit court to address the issue of vicarious consent, and that only three federal district courts had previously addressed the issue.  
Id. 
at 606-07.  The Sixth Circuit Court adopted the vicarious consent doctrine, stating that

as long as the guardian has a good faith, objectively reasonable basis for believing that it is necessary and in the best interest of the child to consent on behalf of his or her minor child to the taping of telephone conversations, the guardian may vicariously consent on behalf of the child to the recording. 

Id
. at 610. 

In 
Thompson v. Dulaney, 
one of the three cases cited in 
Pollock, 
the Utah federal district court held that a mother could vicariously consent to the recording of her minor children’s telephone conversations with their father as a matter of law.  
838 F.Supp. at 1545.  The mother recorded the conversations after suspecting that the father was interfering with her relationship with the children.  
Id. 
at 1544.  

The Eastern District of Arkansas has also adopted the vicarious consent doctrine in 
Campbell v. Price
, and held that the doctrine applies when a parent has a good faith belief that the recording of his or her minor child’s telephone conversations is in the child’s best interest.  2 F.Supp.2d at 1191-92.   

In 
Wagner v. Wagner
, the Minnesota federal district court also adopted the vicarious consent doctrine after recognizing that all other federal courts that have addressed the issue had adopted it.  64 F.Supp.2d at 900-01.

Turning to a review of state court decisions on the vicarious consent doctrine, we first look to an Alabama opinion.  In 
Silas v. Silas,
 an Alabama court of civil appeals held that a father has the authority to vicariously consent to the recording of his child’s telephone conversations under the federal wiretap laws.  680 So.2d 368, 372 (Ala. Civ. App. 1996).  In 
Silas
, the father recorded the telephone conversations between his minor child and his ex-wife while the minor child was at his house during visitation and after witnessing his child getting “extremely upset” and crying after talking with his ex-wife on the telephone.  
Id. 
at 371.  The Alabama court held that the father had a good faith, objectively reasonable basis for suspecting “that the minor child was being abused, threatened, or intimidated by the mother,” thereby adopting and applying the doctrine.  
Id. 
at 372.  

An
 Arizona court of appeals has also adopted the vicarious consent doctrine in 
State v. Morrison
.  56 P.3d 63, 65 (Ariz. Ct. App. 2002).  In 
Morrison
, a mother installed a tape recorder in her home to pick up all telephone conversations after reading passages in her fourteen-year-old daughter’s diary that contained sexual descriptions referencing the defendant, who was thirty-five years old.  
Id. 
at 64.  The mother did not obtain consent from either her daughter or the defendant before recording the conversations.  
Id. 
 The defendant appealed, arguing that the trial court erred in failing to suppress the audiotapes because they were obtained in violation of the federal and state wiretap laws.  
Id.
  The court of appeals, citing the language in 
Pollock
, held that a parent can vicariously consent to the recording of his or her minor child’s telephone conversations as long as the parent has a good faith, objectively reasonable basis for doing so.  
Id.
 at 65.  In so holding, the Arizona court stated that “although the Circuit Courts addressing the issue have used different approaches [vicarious consent doctrine and the extension phone exception],
(footnote: 4) they are uniform in holding that under certain circumstances a parent may surreptitiously record the telephone conversations of their children without violating [the federal wiretap laws].”  
Id.
  

We agree with the federal and state courts that have adopted the vicarious consent doctrine.  We hereby adopt the standard set forth in 
Pollock
, and hold that as long as a parent has a good faith, objectively reasonable basis for believing that the taping of telephone conversations is in the best interest of the parent’s minor child, the parent may vicariously consent to the recording on behalf of the child. 

Our holding that a parents may vicariously consent to the recording of their child’s telephone conversations is consistent with the rights and duties our laws give parents in regard to their children.  Parents have the statutory duty of care, control, and protection of their children.  
Tex. Fam. Code Ann.
 § 151.001(a)(2) (Vernon Supp. 2005).  They also have the right to make “decisions of substantial legal significance concerning [their] child.”  
Id
. § 151.001(a)(7).
(footnote: 5)  For example, the court of criminal appeals has held that a child has no reasonable expectation of privacy in his bedroom,  that a parent has a right to be in the child’s bedroom, and that a parent could consent to the search of his or her child’s bedroom.  
Sorensen v. State, 
478 S.W.2d 532, 534-35 (Tex. Crim. App. 1972); 
Jacobs v. State
, 681 S.W.2d 119, 122 (Tex. App.སྭHouston [14th
 
Dist.] 1984, pet. ref’d). 

Further, the United States Supreme Court has recognized a parent’s authority over minor children:

[T]he family [is] a unit with broad parental authority over minor children. Our cases have consistently followed that course; our constitutional system long ago rejected any notion that a child is “the mere creature of the State” and, on the contrary, asserted that parents generally “have the right, coupled with the high duty, to recognize and prepare [their children] for additional obligations” . . . . The law’s concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life’s difficult decisions. More important, historically it has recognized that natural bonds of affection lead parents to act in the best interests of their children.

Parham v. J.R.
, 442 U.S. 584, 602, 99 S. Ct. 2493, 2504 (1979) (citations omitted);
 see Miller, 
118 S.W.3d at 766.  Therefore, even though not specifically stated in the family code, we believe that a parent can, in order to protect his or her minor child, record his or her minor child’s telephone conversations if the parent meets the 
Pollock
 criteria discussed above.  As a recognized exception to Texas wiretap laws, we further hold that a recording that meets the 
Pollock 
standards is therefore not excluded by article 38.23.

4.  Application of the Vicarious Consent Doctrine

Having recognized a vicarious consent doctrine exception to the Texas penal code wiretap statute and article 38.23, we must determine whether Deborah could vicariously consent for J.H. under the 
Pollock
 standards. At the October 25, 2004 suppression hearing, Deborah testified that while appellant lived in her house, he allowed J.H. to do things she was not supposed to.  For example, Deborah stated that appellant allowed J.H. to drive a car when she was only thirteen years old.  On one occasion, appellant called Deborah after the car he and J.H. were driving in ran off the road.  When Deborah asked who was driving, appellant said he was; however, J.H. later admitted that she was the one driving.  Deborah heard from friends that appellant was continuing to let J.H. drive, although she did not personally see it.  Additionally, Deborah testified that appellant told her that he enrolled J.H. in a gym and had her lie about her age because the minimum age limit was sixteen.  Moreover, after appellant moved out, he continued to contact J.H.  Deborah testified that she knew that appellant and J.H. were still in contact with each other because appellant’s family would tell her things about herself and J.H. that no one knew but them.

Deborah also testified that the reason she recorded J.H.’s telephone conversations was because she believed that J.H. and appellant were engaging in inappropriate behavior.  Although she did not suspect that the two were engaging in sexual behavior at the time she started the recording, Deborah did believe that J.H. and appellant were communicating with each other without her knowledge and consent.  The fact that Deborah did not know that J.H. and appellant were in a sexual relationship until after listening to the recordings is not fatal.  In the cases cited above construing the federal wiretap law, the parents only 
suspected
 that the child was being manipulated or abused before installing the recording device, and the recordings confirmed their suspicions. It would seem logical that parents could install a recording device on their telephone after suspecting that their child was engaging in inappropriate behavior with an adult, regardless of whether parents suspected the behavior was sexual in nature.  Thus, viewing this evidence in the light most favorable to the trial court’s rulings, we hold that the evidence shows that Deborah had a good faith, objectively reasonable basis for believing that the taping of the telephone conversations was in J.H.’s best interest. 

Because we hold that the trial court correctly determined that Deborah had a good faith, objectively reasonable belief that recording J.H.’s telephone conversations was in J.H.’s best interest, we hold that the trial court did not err in allowing the audiotapes to be admitted and denying appellant’s motion to suppress.
(footnote: 6)  We overrule appellant’s first issue.

B.  The Transcription of the Audiotape

In his second issue, appellant argues that the trial court abused its discretion in admitting the transcription of the audiotape for record purposes and as a demonstrative aid for the jury because he contends the audiotapes were inadmissible.  However, appellant concedes admitting the transcription was not improper if the audiotape was properly admitted.  Because we have held that the audiotape was properly admitted and appellant has conceded this issue, we need not address it.  
Appellant’s second issue is overruled.  
Tex. R. App. P.
 47.1.

C.  Cumulation of Sentences

In his third issue, appellant argues that the trial judge’s cumulation of his sentences violated the United States Constitution and is therefore void. Appellant contends that the jury, not the trial judge, should have cumulated his sentences because they assessed his punishment.  He is not arguing that the statute allowing the cumulation of sentences is unconstitutional; rather, he is complaining about who decides whether or not the sentences are cumulated when a jury assesses punishment.

The pertinent section of article 42.08 of the code of criminal procedure provides as follows:

When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction.  . . . in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin with the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases.

Tex. Code Crim. Proc. Ann.
 art. 42.08(a) (Vernon Supp. 2005).  Section 3.03(b) of the penal code states that if a person is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of an offense under section 22.021 of the penal code committed against a victim younger than seventeen years of age at the time of the commission of the offense.
  Tex. Penal Code Ann.
 § 3.03(b)(2) (Vernon Supp. 2005).  Appellant argues that this case falls within the rule established by the Supreme Court in 
Apprendi v. New Jersey
 that a
 defendant may not be exposed to a penalty 
exceeding
 the maximum he would receive if punished according to the facts reflected in the jury verdict alone.
  
530 U.S. 466, 483, 120 S. Ct. 2348, 2359 (2000).

Here, after the jury assessed appellant’s punishment at two thirty-year sentences, the trial judge entered an order cumulating the sentences.  The cumulation of the sentences, sixty years, does not exceed the statutory maximum for the offense.  Aggravated sexual assault of a child under fourteen is a first degree felony punishable by not more than 99 years to life in the state penitentiary.  
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003); § 22.021 (Vernon Supp. 2005).  Thus, the sentence appellant received, sixty years, does not run afoul of 
Apprendi
.  

Appellant further argues that he chose a jury to assess his punishment, so they should determined whether the sentences would be cumulated, not the trial judge.  We have recently rejected this same argument in 
Tyson v. State
.  172 S.W.3d 172, 176-77 (Tex. App.སྭFort Worth 2005, pet. filed).  Appellant’s third issue is overruled. 

IV.  Conclusion

Having overruled appellant’s issues, we affirm the judgment of the trial court.  

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

PUBLISH

DELIVERED: November 23, 2005

FOOTNOTES
1:
Appellant cites 
Duffy v. State, 
33 S.W.3d 17, 25 (Tex. App.སྭEl Paso 2000, no pet.) and 
Kent v. State
, 809 S.W.2d 664, 668 (Tex. App.སྭAmarillo 1991, pet. ref’d).  However, these cases deal with the recording of a spouse’s telephone conversations.  
Duffy
, 33 S.W.3d at 20-21; 
Kent
, 809 S.W.2d at 667.  They are distinguishable from the present case because here we are addressing whether a parent can vicariously consent to the recording of a minor child’s conversations, not whether a married person can consent to the recording of his or her spouse’s conversations.   

2:
In 
Allen v. Mancini
, a modification of a parent-child relationship case construing chapter 123 of the civil practice and remedies code, the Eastland Court of Appeals looked at the federal wiretap laws and stated that Mancini had the right to consent to the audiotape recordings because he was the joint managing conservator of the minor child, following the criteria set forth in 
Pollock
.  
170 S.W.3d 167, 172-73 (Tex. App.སྭEastland 2005, pet. filed). 

3:
See, e.g., Pollock, 
154 F.3d at 610; 
Wagner v. Wagner
, 64 F.Supp.2d 895, 901 (D. Minn. 1999); 
Campbell
 
v. Price, 
2 F.Supp.2d 1186, 1191-92 (E.D. Ark. 1998); 
Thompson v. Dulaney
, 
  
838 F.Supp. 1535, 1545 (D. Utah 1993)
. The Fifth Circuit has not addressed this issue.

4:
Other federal circuit courts have addressed the issue under the extension phone exception, which exempts from the federal wiretap law any telephone instrument being used by the subscriber in the ordinary course of business.  
See Scheib v. Grant
, 22 F.3d 149, 154 (7th
 Cir. 1994); 
Newcomb v. Ingle
, 944 F.2d 1534, 1536 (10th Cir. 1991); 
Anonymous v. Anonymous
, 558 F.2d 677, 679 (2d Cir. 1977).

5:
The legislature has 
recognized that parents are presumed to be appropriate decision-makers, giving parents the explicit legal right to consent to their minor child’s medical care and surgical treatment.  
Tex. Fam. Code Ann.
 § 151.001(a)(6);
 
Miller ex. rel. Miller v. HCA, Inc., 
118 S.W.3d 758, 766 (Tex. 2003).

6:
Appellant argues that a minor child has a right to privacy; however, we need not address this issue after determining that a parent can vicariously consent to the recording of his or her child’s telephone conversations.  
See 
Tex. R. App. P.
 47.1.